# United States Bankruptcy Court
# Northern District of California

In re | Case No. 10-11877

BETTIE SPRUILL  
Debtor(s)

**Chapter 13 Plan**

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and debtor(s) will pay to the Trustee the sum of $ 500.00 for 60 months. Unless all allowed claims are paid in full, this Plan shall not be completed in fewer than 36 months from the first payment date
2. Debtor(s) elect a voluntary wage order.
3. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On Allowed claims for expenses for administration required by 11 USC §507 (a)(1) in deferred payments
   (b) On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/Lease Arrears | Minimum Monthly Payments (If Specified) | Interest Rate (if Specified) |
|---|---|---|---|---|
| ONE WEST BANK | 856,000 | | | |

[ The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the monthly installments and the interest rates shown above. If the monthly payment is not specified, secured creditors will share pro rata. If an interest rate is not specified, 8% per annum will be paid. Secured creditors will retain their liens until their allowed secured claims have been paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by USC §507.
   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid 1 %.

4. The following executor contracts are rejected. The debtor(s) waive the protection of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d)
5. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment |
|---|---|
| | |

The date this case was filed will be the effective date of the plan as well as the date when the interest ceases accruing on unsecured claims against the estate.

6. The debtor(s) to elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell ro refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee
7. The debtor further proposes pursuant to subject the estate pursuan to 11USC § 1322 (b)

8. This Chapter 13 Plan is contingent upon the approval of the Court of a Motion to Convert this Petition to a Chapter 11 Petition, as provided for 11 USC § 1307. At which time a Chapter 11 Plan for reorganization shall be submitted by the Debtor for approval and confirmation.

Dated: June 15, 2010      /s/ BETTIE SPRUILL  
                       Debtor(s)