DAVID BURCHARD
CHAPTER 13 TRUSTEE
P.O. BOX 8059
FOSTER CITY, CA 94404
(650) 345-7801 FAX (650) 345-1514
(707) 544-5500  FAX (707)  544-0475

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br>    BETTIE SPRUILL<br>    34 TIERRA VISTA WAY<br>    SAN RAFAEL, CA 94901<br><br>    ###-##-1771<br>                Debtor(s). | Case No.: 10-1-1877AJ13<br>Chapter 13<br><br>NOTICE BY DAVID BURCHARD, CHAPTER 13<br>TRUSTEE, OF CHAPTER 13 PLAN DEFICIENCIES |

**341 MEETING OF CREDITORS:**
Date:      07/20/2010
Time:      1:00 PM
Place:     Office of the United States Trustee
           777 Sonoma Ave., First Floor, #116
           Santa Rosa, CA   95404

**CONFIRMATION HEARING:**
Date:      08/23/2010
Time:      1:30 PM
Place:     United States Bankruptcy Court
           99 South E Street
           Santa Rosa, CA   95404

DAVID BURCHARD, Chapter 13 Trustee in the above-entitled action, cannot recommend Confirmation of the Chapter 13 Plan proposed hereunder by Debtor(s) for the following reason(s).

1. The Trustee requests a copy of the Debtor's *signed* 2009 Federal Income Tax Returns at least four business days prior to the schedule Section 341(a) Meeting of Creditors.

2. The Trustee requests copies of Debtor's payment advices received in the last six months prior to the filing of the Bankruptcy (November 2009 through April 2010), or, in the alternative, a Debtor's declaration that details why pay advices cannot be provided.

3. The plan does not indicate that pre-petition arrearages are due to Onewest Bank; however, said creditor has filed a secured proof of claim which lists arrearages in the amount of $35,556.34.  The Trustee requests that Debtors' counsel amend the plan to provide for these arrearages, or, in the alternative, file an objection to said claim.

4. Section 8 of Debtor's plan provides: "This Chapter 13 Plan is contingent upon the approval of the Court of a Motion to Convert this Petition to a Chapter 11 Petition, as provided for 11 U.S.C. § 1307.  At which time a Chapter 11 Plan for reorganization shall be submitted by the Debtor for approval and confirmation."  The Trustee will be unable to administer this provision of the plan and requests that Debtor's counsel amend the plan.

5. Question 2 in Form 22C lists gross business income in the amount of $6,000.00, while this is apparently omitted from Schedule I. The Trustee requests clarification, or that the appropriate documents be amended so that they are accurate and consistent.

6. Question 3 in Form 22C lists a household size of 3, while Schedule I lists no dependents. The Trustee requests that Debtor's counsel amend the appropriate schedules so they are accurate and consistent.

7. Schedule I lists Debtor's monthly net income in the amount of $5,735.00, while Schedule J lists monthly expenses in the amount of $6,547.00, which leaves a loss of $812.00. Debtor's proposed plan payments are $500.00 a month. The Trustee questions the feasibility of the Debtor being able to make plan payments under these circumstances. 11 U.S.C.§1325(a)(6) provides that a plan cannot be confirmed if the debtor is unable to make plan payments.

8. Debtor has been sent the Chapter Thirteen Business Questionnaire to complete. Debtor's response is due on or before the Section 341(a) Meeting of Creditors.

9. Question 1 of the Statement of Financial Affairs reflects regular income from operation of business, while question 18 has failed to provide the beginning and ending dates of the business. The Trustee requests clarification and the statement be amended.

PLEASE TAKE NOTICE that, without prior notice, at the above-referenced confirmation hearing date assigned to your Chapter 13 case, the Court may DISMISS the above-referenced case upon making a determination that Debtor(s) has/have not presented a feasible Plan, Debtor(s) has/have not made the required payments under the Plan, Debtor(s) has/have violated the statutory debt limitations set for a Chapter 13 case, Debtor(s) has/have not filed this proceeding in good faith, Debtor(s) has/have not provided documents and/or Schedules and Plan as required under the Bankruptcy code, and/or Debtor(s) has/have not provided the Trustee with Payment Advices or Declarations.

Dated: July 15, 2010                         DAVID BURCHARD
                                                     DAVID BURCHARD, Chapter 13 Trustee

Certificate of Mailing

I, LILIAN TSANG, the undersigned, certify that:

I am over the age of 18 years and not a party to this action. I am employed by the Trustee whose business address is 393 Vintage Park Drive, Suite #150, Foster City, CA. On the date set forth below, I served a copy of the NOTICE BY DAVID BURCHARD, CHAPTER 13 TRUSTEE, OF CHAPTER 13 PLAN DEFICIENCIES, and this Certificate of Mailing, on the persons listed below by following our ordinary business practice for service, which is either deposited in the ordinary course of business with the U.S. Postal Service by first class mail or served by electronic transmission from the Court, if applicable. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | |
|---|---|
| BETTIE SPRUILL | LAW OFFICE OF GEORGE HOLLAND JR. |
| 34 TIERRA VISTA WAY | GEORGE HOLLAND JR |
| SAN RAFAEL, CA 94901 | 1970 BROADWAY ST. #1030 |
| | OAKLAND, CA 94612-0000 |

United States Trustee
235 Pine Street, Suite 700
San Francisco, CA  94104

Dated: July 15, 2010                                                    LILIAN TSANG_____
                                                                                        LILIAN TSANG